IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDEN PEREZ,

      Petitioner,               CIV S-11-2216 GGH P

      vs.

SWARTHOUT,

      Respondent.          ORDER
_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to both parties' consent. Docs. 4, 8. Pending before the court is respondent's November 14, 2011, motion to dismiss on the grounds that this action is barred by the statute of limitations. Doc. 10. Petitioner did not file an opposition or otherwise communicate with the court so on January 5, 2012, the court ordered petitioner to file an opposition or this case would be dismissed. Petitioner requested a 30 days extension to file an opposition which was granted on January 25, 2012. Despite receiving the extension, petitioner has not filed an opposition or otherwise communicated with the court. Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Therefore, the motion to dismiss is granted.

1

In the alternative, the undersigned finds that the motion to dismiss has merit. Petitioner was convicted of arson of an inhabited structure and was sentenced to a determinate prison term of ten years. Lodged Document (Lod. Doc.) 1. On May 6, 2008, the California Court of Appeal affirmed the judgment. Lod. Doc. 2. Petitioner sought review in the California Supreme Court which was denied on July 23, 2008. Lod. Doc. 4. Petitioner's conviction became final 90 days later, on October 21, 2008, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). Time began to run the next day, on October 22, 2008. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is, until October 21, 2009, to file a timely federal petition, absent applicable tolling. The instant action, filed August 14, 2011, is not timely unless petitioner is entitled to statutory or equitable tolling. However, petitioner did not file any state habeas petitions that would provide statutory tolling nor has petitioner set forth any arguments for equitable tolling, therefore this is action is barred by the statute of limitations.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. 9) is granted;

2. The motion to dismiss (Doc. 10) is granted and this case is dismissed and closed;

3. A certificate of appealablity is not issued in this action.

Dated: March 22, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
pere2216.mtd